**FILED**
**February 11, 2025**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cathy J. Fontana,**
**Claimant Below, Petitioner**

**v.)** **No. 24-230** (JCN: 2017005320)
(ICA No. 23-ICA-452)

**Mato Corporation,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cathy J. Fontana appeals the February 27, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Fontana v. Mato Corp.*, No. 23-ICA-452, 2024 WL 1596875 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision). Respondent Mato Corporation filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the September 18, 2023, order of the Board of Review, which affirmed the claim administrator's July 8, 2022, order granting Ms. Fontana no permanent partial disability ("PPD") in addition to her previously received 4% PPD award.

On appeal, the petitioner argues the preponderance of the evidence provides that she sustained more than a 4% whole person impairment due to her compensable injury. The petitioner contends that the Board of Review erred by relying on a recommendation rendered by Joseph Grady, M.D. In an independent medical evaluation report dated June 23, 2022, Dr. Grady opined that the petitioner had no crepitus, instability, or laxity of the right knee and that her range of motion was normal. However, the petitioner asserts that the Board of Review simply ignored the evidence in the case that supports the findings of Bruce Guberman, M.D., who found 8% whole person impairment for range of motion abnormalities in the petitioner's right knee. The petitioner maintains that the ICA's decision is clearly wrong, and she should have been granted an additional 4% PPD award. The respondent counters by arguing that the ICA's ruling is consistent with the applicable law and supported by the reliable, probative, and substantial evidence within the record because Dr. Guberman's report was found to be less credible and less reliable than Dr. Grady's report. As such, the respondent believes that the ICA was correct to afford deference to the Board of Review and to affirm its decision.

---

[1] The petitioner is represented by counsel Reginald D. Henry, and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: February 11, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV